# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:12-CV-171 |
| TRACT 31A, LOTS 31 & 32, LAFITTE'S LANDING PHASE TWO PORT ARTHUR, JEFFERSON COUNTY INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON, et. al | § § § § § § § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration of and recommended disposition on case-dispositive pretrial motions. On September 3, 2015, Judge Giblin issued his Report and Recommendation, in which he recommended that the court grant the Government's Motion for Summary Judgment and enter its proposed judgment.

Claimant Stacy Walker filed objections to the Report and Recommendation. [Doc. # 59]. In her objections, Stacy Walker claims that her Answer and Verified Claim in this civil case gave the Government actual or constructive notice that her husband did not have the authority to agree to the forfeiture of the entire amount of the two annuities which were held in his name.

Claimant Calvin Walker also filed objections to the Report and Recommendation. [Doc. # 56]. Walker alleges that he does not disavow his Plea Agreement in the criminal case. However, he adopts the objections filed by his wife Claimant Stacy Walker, without any explanation of why this does not violate the express terms of his Plea Agreement.

Pursuant to 28 U.S.C. § 636(b)(1) the court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation, the record, the plaintiff's objections, and the applicable law

in this proceeding. The summary judgment evidence establishes that Mr. Walker is the sole owner of the annuities and that Mrs. Walker is listed only as a beneficiary. The terms of the annuities allow Mr. Walker to assign, surrender, change ownership of, and change beneficiaries without the consent of any beneficiary. Under Texas law, the Government was entitled to rely on the legal presumption that Mr. Walker was authorized to forfeit the annuities as part of a plea bargain that saved him from the threat of a long prison term. *See* TEX. FAM. CODE. ANN. § 3.104.

## ANALYSIS

**Factual Background**

The comprehensive Report and Recommendation details the sequence of events and the procedural background. [Doc. # 55]. The following time line, which summarizes certain written and oral representations made by Calvin and Stacy Walker, is helpful in analyzing this matter:

5/04/2011: Calvin Walker, an electrical contractor was indicted on 36 counts of mail fraud, wire fraud, interstate transportation of funds by fraud, fraud upon programs receiving federal funds, and money laundering. *United States v. Walker*, No. 1:11-CR-67, Doc. #2. The Government generally alleged that Mr. Walker used false and fraudulent invoices submitted in connection with electrical work to defraud the Beaumont Independent School District of approximately $3,700,000. The Government seized the property at issue in this civil case.

7/28/2011: In the criminal proceeding, during the Hearing on Defendant's Motion for Return of Property, Mr. DeGuerin stated that the money that the Government seized "belonged to Mr. Walker."

12/13/11: During Calvin Walker's criminal trial, Mrs. Walker referred to Mr. DeGuerin as her attorney and her husband's attorney, and likewise, Mr. DeGuerin referred to himself as Mrs. Walker's attorney. In Mr. DeGuerin's closing argument, Mr. DeGuerin stated, "I'm doing my job, for Calvin and for Stacy Walker and their family."

4/10/12: The Government filed a civil forfeiture action against Calvin and Stacy Walker. Mr. DeGuerin represented both Mr. and Mrs. Walker at this time.

2

6/7/12:  In the civil forfeiture action, Calvin and Stacy Walker filed a Verified Claim as "true owners" of the two annuities, among other property. Mr. DeGuerin represented both Calvin and Stacy Walker at this time.

6/27/12:  In the civil forfeiture action, Calvin and Stacy Walker filed a counterclaim against the Government for return of the annuities, among other property. Mr. DeGuerin represented both Calvin and Stacy Walker at this time.

7/17/12:  In the criminal proceeding, Mr. Walker entered an 11(c)(1)(C) Plea Agreement, agreeing to a term of probation and to restitution of taxes, penalties, and interest for tax years 2008 - 2010 to "be accomplished by the payment directly to the Internal Revenue Service from the proceeds of the liquidation of any annuity currently held under seizure warrant in this matter." *United States v. Calvin Gary Walker*, Crim No. 1:11-CR-67, Doc. #158, at 4.

Mr. Walker also agreed to enter into an Order of Forfeiture in this civil forfeiture proceeding, agreeing to forfeit voluntarily and immediately all of his rights, title, and interest to the two annuities, to fully assist the Government in forfeiture of the annuities, to take any steps necessary to ensure that the annuities were not made unavailable for forfeiture, to not file a claim and to withdraw any filed claim regarding the annuities, and to not assist others in filing a claim for the annuities. *Id.*

On that same day, at the Plea Hearing, Mr. Walker represented to the court that he "completely" understood everything set forth in the Plea Agreement, and that he agreed "with each and every term" of the Agreement. Mr. DeGuerin represented both Calvin and Stacy Walker at this time.

4/2/14:  Allegedly, Mrs. Walker informed her then attorney, Mr. DeGuerin, for the first time, that she would not consent to an entry of judgment in this civil forfeiture action that would divest her of her alleged interest in the annuities. At this point, Mr. DeGuerin told Stacy Walker that she needed to find new counsel because her position created a conflict of interest.

4/3/14:  In this civil forfeiture action, Mr. and Mrs. Walker, through Mr. DeGuerin, filed a Motion to Stay Entry of Judgment to Address Conflicted Representation.

**Review of Objections to the Report and Recommendation**

Judge Giblin's analysis is correct. Section 3.104 of the Texas Family Code applies in this

3

case. Because the two annuities were held in Calvin Walker's name, they were presumed to be subject to his sole management and control and could be forfeited to the Government as part of a plea agreement unless the Government had actual or constructive notice of Calvin Walker's lack of authority.

It is true that both spouses filed claims and answers in the civil case prior to the execution of the Plea Agreement. But nothing filed in the case gave the Government notice that Calvin Walker lacked the authority to subsequently agree to the forfeiture of the entire amount of the annuities which were held solely in his name. For example, nothing filed by Mrs. Walker hinted that the terms of the annuities giving sole control over their disposition to Mr. Walker had been amended.

The representations set out in the timeline above establish that Mr. and Mrs. Walker were undisputably represented by the same attorney, Mr. DeGuerin, both when he signed the Plea Agreement at which he agreed to the forfeiture of the annuities with the money going to pay the tax liability and at the Plea Hearing, at which Mr. Walker, in the presence of Mr. DeGuerin, confirmed his understanding of that agreement. Mrs. Walker was present in court throughout the criminal trial and at almost every, if not every, hearing. Yet, it was not until April 2, 2014, a year and a half after her husband's pleas were accepted and he was sentenced to probation, that Stacy Walker first alleged that she had never told even her own lawyer that she believed her husband had no authority to forfeit the full value of the annuities.

"Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91 (1990) (internal quotations omitted). Similarly, under that same system of representative litigation, clients cannot absolve

4

themselves of responsibility for their own bad acts by blaming their attorney. *See, e.g.*, *Estel v. Bigelow Mgmt., Inc.*, 323 B.R. 918, 924 (E.D. Tex. 2005) ("Plaintiff admitted that both he and his bankruptcy attorney *knew* about his claims against these defendants when he filed for bankruptcy [and] failed to include the claims on Plaintiff's schedule of assets. By blaming his attorney, Plaintiff does not absolve himself from responsibility or from the consequences of such failure. 'The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds.'") (emphasis in original) (quoting *United States v. 7108 W. Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994)).

Mr. DeGuerin certainly had notice of the contents of the Plea Agreement. He signed it as attorney. He was present at the plea colloquy. Having been present throughout the proceedings, and being charged under the law with notice of all facts known to her attorney, Mrs. Walker can not be heard to claim eighteen months later that her husband had no authority to agree to the forfeiture. She was bound to have brought this to the attention of the Government or her lawyer.[1]

## CONCLUSION

After review, the court finds that Judge Giblin's findings and recommendations should be accepted. The court **ORDERS** that the Report and Recommendation [Doc. # 55] is **ADOPTED** and the claimants' objections [Doc.## 56 & 59] are **OVERRULED**. The court further **ORDERS**

---

[1] The court need not consider at this time the impact of Mr. Walker's apparent violation of his 11(c)(1)(C) Agreement, or whether Mrs. Walker would have faced civil or criminal liability for unpaid taxes due on funds used to acquire the annuities, had the court sustained her objections.

that he Government's Motion for Summary Judgement [Doc.# 51] is GRANTED. The Court will enter final judgment separately.

So **ORDERED** and **SIGNED** this **1**  day of **December, 2015.**

_____
Ron Clark, United States District Judge